UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Charles A. Ruffin, Sr.<br><br>       Plaintiff,<br><br><br> -v.-<br><br>Collecto, Inc. *d/b/a EOS CCA*<br><br>       Defendant. | Civil Action No: _____<br><br>**COMPLAINT** |

Plaintiff Charles A. Ruffin, Sr. ("Plaintiff" or "Ruffin, Sr."), by and through his attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant Collecto, Inc. *d/b/a EOS CCA* ("Defendant" or "EOS CCA"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

2. Plaintiff is a resident of the State of New York, County of Monroe, residing at 12 Renouf Drive, Rochester, NY 14624.

3. Defendant is a debt collector with an address at 700 Longwater Drive, Norwell, MA 02061.

4.     Collecto, Inc. d/b/a EOS CCA is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8.     On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt (the "Alleged Debt") from the Plaintiff.

9.     This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10.    Specifically the alleged debt was for personal utilities and telecommunications services and is defined as a personal obligation under the FDCPA.

*Violation I – Re-reporting of a Disputed Debt*

11.    The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA.

12. This statute is explained in *Wilhelm v. Credico, Inc.,* 519 F.3d 416 (8th Cir.2008) – "The relevance of the portion of §1692e(8) on which [plaintiff] relies – 'including the failure to communicate that a disputed debt is disputed' - is rooted in the basic fraud law principle that, if a debt collector *elects* to communicate 'credit information' about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt. This interpretation is confirmed by the relevant part of the Federal Trade Commission's December 1988 Staff Commentary on the [FDCPA]:

> 1. Disputed debt. *If a debt collector knows that a debt is disputed by the consumer ... and reports it to a credit bureau, he must report it as disputed.*
>
> 2. Post-report dispute. When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported.

(FTC Staff Commentary, 53 Fed.Reg. 50097–02, 50106 (Dec. 13, 1988))". *Id.* at 418 (emphasis added).

13. Since "the FTC is entrusted with administering the FDCPA, its interpretation should be accorded considerable weight." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1372 n.2 (11th Cir. 1998) *(citing Chevron U.S.A. Inc. v. NRDC, 467 U.S. 837, 844, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984).*

14. Many district courts have followed the *Wilhelm* court's approach:

   a. *Jacques v. Solomon & Solomon P. C.,* 2012 U.S. Dist. LEXIS 118092, * 11 (D.Del.2012) ("The duty to report a debt under [Section 1692e(8) ] arises only if one elects to report credit information");

   b. *Black v. Asset Acceptance, LLC,* 2005 U.S. Dist. LEXIS 43264, *13 (N.D.Ga.2005) ("The Commentary thus indicates that only *if* a debt collector

>   reports a consumer debt to a credit bureau under Section 1692e(8) must he then also report that debt as disputed") (emphasis in original).
>
>   c. *Kinel v. Sherman Acquisition II LP,* 2006 U.S. Dist. LEXIS 97073, *53–54 (S.D.N.Y.2006) (noting a "dearth of precedent" on the issue of whether a debt collector has an affirmative duty to report a dispute made after it initially reported the debt, relying upon the 1988 FTC Commentary, and stating that "the FTC Commentary has interpreted § 1692e(8) as not explicitly requiring a debt collector to update information about the disputed status of a debt about which it has not reported, or about which it has already reported prior to a consumer's dispute");

15. The facts here are analogous to the decisions cited above.

16. Defendant reported the Alleged Debt on the Plaintiff's credit report.

17. Plaintiff disputed the Alleged Debt directly with the Defendant, by faxing a dispute letter dated August 4, 2016.

18. Plaintiff examined his credit report again on November 8, 2016 and found that, despite receipt of Plaintiff's August 4, 2016 dispute letter, Defendant had **re-reported** the credit account to the credit reporting bureaus.

19. When Defendant **re-reported the credit account after it received Plaintiff's dispute letter**, Defendant failed to list the account as "disputed by consumer" despite being required to do so as explained above under 15 U.S.C. §1692e8.

20. With the failure to remove the trade line, or mark same as disputed **the Plaintiff's credit score, a benchmark for near all facets of life in today's society has been deflated.**

21. **The Plaintiff's credit score has been lowered which has resulted in inability to gain credit, less favorable interest rates and could hinder future employment opportunities.**

22. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

23. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

24. When Defendant re-reported the credit account after it received Plaintiff's dispute letter, Defendant failed to list the account as "disputed by consumer" despite being required to do so.

25. With the failure to remove the trade line, or mark same as disputed the Plaintiff's credit score, a benchmark for near all facets of life in today's society has been deflated.

26. The Plaintiff's credit score has been lowered, which has resulted in inability to gain credit, less favorable interest rates and could hinder future employment opportunities.

27. Defendant's failure to list the account as "disputed by consumer" despite being required to do so by the FDCPA, violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e and 1692f.

28. As a result of the Defendant's violations of the FDCPA, Plaintiffs have been damaged and is entitled to damages in accordance with the FDCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Charles A. Ruffin, Sr. demands judgment from the Defendant Collecto, Inc. d/b/a EOS CCA, as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendants practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
November 6, 2017

      /s/ Daniel Kohn
**RC Law Group, PLLC**
By: Daniel Kohn
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501